# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:19-cr-00003** |
| | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **HEATHER MARKS** | ) | |

## MEMORANDUM and ORDER

Before the court is defendant Heather Marks' Amended Motion to Disclose the Production and Inspection of Grand Jury Proceedings from Indictment and Superseding Indictment (Doc. No. 350), which the government opposes (Doc. No. 362). The defendant's motion is without merit and will, therefore, be **DENIED**.

## I.     BACKGROUND

Defendant Marks, a nurse practitioner, is charged in a Superseding Indictment with distributing and conspiring with her former co-defendant, Hemal Mehta, M.D., to knowingly or intentionally distribute Schedule II controlled substances outside the usual course of professional practice and without a legitimate medical purpose, in violation of 21 U.S.C. §§ 841(a) and 846. The case is set for trial on October 21, 2025.

The Superseding Indictment was issued on April 10, 2019. In 2023, the Supreme Court clarified the *mens rea* required for a conviction under § 841(a), holding that the government must prove that the defendant "knew that he or she was acting in an unauthorized manner, or intended to do so." *Ruan v. United States*, 597 U.S. 450, 454 (2022). In other words, "the government [is] required to prove beyond a reasonable doubt that [Marks] knew [her] prescriptions were unauthorized—meaning that they lacked a 'legitimate medical purpose' and were outside 'the

usual course of his professional practice.'" *United States v. Sadrinia*, 134 F.4th 887, 893 (6th Cir. 2025) (quoting *Ruan*, 597 U.S. at 454; 21 C.F.R. § 1306.04(a)).

Now, weeks before trial and years after *Ruan* clarified the law, Marks moves to inspect and copy all "proceedings of the grand jury that returned the present indictment or grand juries that considered the subject matter of this indictment," including the transcript of grand jury testimony, all notes and documents used by any witness testifying before the grand jury, and all documents on which the grand jury relied. (Doc. No. 350 at 1.)[1] In support of this request, Marks cites Rule 6(e) of the Federal Rules of Criminal Procedure,[2] and she argues that (1) the decision whether to disclose grand jury proceedings lies within the court's discretion; (2) she is not required to establish a "particularized need" for disclosure of the grand jury proceedings; and (3) the reasons for mandating secrecy no longer apply because the indictment has already been returned. (*Id.* at 2.)

Although she initially asserts that she is not required to establish a particularized need, she later contradicts herself, acknowledging that she is required to show particularized need. (*See id.* at 9 ("Marks bears the heavy burden of proving a 'particularized need' for disclosure.").) She presents two arguments in support of such a particularized need: (1) that the Superseding

---

[1] Even more broadly, the defendant purports to seek "[a]ll notes, records, documents relating to the grand jury that returned this indictment and *those of other grand juries that considered the subject in this indictment*, that relate to who[] was present during the proceedings of the grand jury [and] those persons to whom matters and proceedings of the grand jury were disclosed," as well as "[a]ll the records, documents, or orders (if any) of the grand jury that returned this indictment and other grand juries that considered the subject matter of this indictment, relative to the disclosure of matters occurring before a grand jury to successive and other grand juries." (Doc. No. 350 at 1–2.)

[2] She also cites 18 U.S.C. § 3500. Under this statute, "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). "Statement" is defined to include a statement "made by said witness to a grand jury." *Id.* § 3500(d). This provision, therefore, would not apply until and unless a witness who gave a statement to the grand jury also testifies at trial.

Indictment was issued pre-*Ruan* and, therefore, that the grand jury was "likely" or "almost certainly" improperly instructed on the governing law (*id.* at 5, 6); and (2) that false statements by her co-defendant, Hemal Mehta, "likely were used as a factual basis during the Grand Jury proceedings." (*Id.* at 9.) In support of this assertion, Marks points out that Mehta has now pleaded guilty to lying during the underlying investigation when he repeatedly told investigators that he "review[ed] and sign[ed] off on 100 percent of records when a controlled substance is prescribed." (*Id.*) During his plea hearing, Mehta also acknowledged that he did not adequately supervise Marks and was "not aware of several material aspects of her practice." (*Id.*) Marks now speculates that "Mehta's lies" somehow formed part of the government's case against her.

As discussed below, neither of these arguments provides grounds for disclosure of the grand jury proceedings.

## II. DISCUSSION

The Federal Rules of Criminal Procedure establish a presumption that grand jury proceedings should remain secret. Fed. R. Crim. P. 6(e)(2); *see also United States v. Taylor*, No. 6:21-cr-00013-GFVT-HAI, 2022 WL 17585255, at *1 (E.D. Ky. Dec. 12, 2022) ("For decades, the Supreme Court has recognized that grand jury proceedings are subject to 'indispensable secrecy.'" (quoting *United States v. Johnson*, 319 U.S. 503, 513 (1943))).

The rule of secrecy is subject to enumerated exceptions. Fed. R. Crim. P. 6(e)(3). As relevant here, a court may, in its discretion, authorize disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding" and may do so "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(3)(3)(E)(i) & (ii). Subsection (E)(ii) has long been construed to mean that "[o]nly upon a showing of a 'particularized need' by a defendant, may a trial court intrude upon the secrecy of the grand jury proceedings and permit inspection of its

minutes." *Jones v. Perry*, No. 3:16-cv-02631, 2020 WL 10486255, at *2 (M.D. Tenn. Dec. 21, 2020) (Crenshaw, C.J.) (quoting *United States v. Levinson*, 405 F.2d 971, 981 (6th Cir. 1968)). That is, a moving defendant "must identify, with particularity, a 'compelling necessity' that outweighs 'the countervailing policy' of secrecy." *Taylor*, 2022 WL 17585255, at *1 (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)).

Marks here argues that, because she was indicted pre-*Ruan*, it is likely that the instructions given the grand jury regarding the standard of proof for a conviction under § 841(a) were erroneous. However, "[t]he mere suspicion that the grand jury may not have been properly instructed . . . is insufficient to establish that [the defendant is] entitled either to dismissal of the indictment or to disclosure of grand jury materials." *Id.* at *2 (quoting *United States v. Trie*, 23 F. Supp. 2d 55, 62 (D.D.C. 1998)); *see also United States v. Nasr*, No. 7:18-CR-7-KKC, 2020 WL 62041, at *1 (E.D. Ky. Jan. 6, 2020) ("A 'defendant seeking the production of grand jury records must do more than make general unsubstantiated or speculative allegations of impropriety.'" (citing *United States v. Stafford*, No. 08-122, 2009 WL 275470, at *3 (D. Del. Feb. 5, 2009)); *United States v. Malinga*, No. CRIM. 04-80372, 2005 WL 517966, at *1 (E.D. Mich. Mar. 2, 2005) (same).

Moreover, even assuming that the grand jury *was* improperly instructed, "[c]hallenges going only to the instructions given to the grand jury as to the elements of the offenses are not grounds for dismissal of an indictment that is valid on its face." *United States v. Buchanan*, 787 F.2d 477, 487 (10th Cir. 1986); *see also Taylor*, 2022 WL 17585255, at *2 (noting that "the Sixth Circuit [has] suggested disclosure is not warranted if the indictment is otherwise facially valid" (citing *United States v. Battista*, 646 F.2d 237, 242 (6th Cir. 1981)); *Nasr*, 2020 WL 62041, at *1 (citing *Buchanan*, 787 F.2d at 487).

Here, the court has already rejected the defendant's challenge to the Superseding Indictment. It is "fair on its face," and improper instructions given to the grand jury would not constitute a compelling need for disclosure of grand jury materials or provide a basis for dismissal of the indictment.

Similarly, Marks seems to be arguing either that Mehta might have lied to the grand jury or that the evidence presented to the grand jury might have included Mehta's false statements. Again, Marks' "speculative allegations of impropriety" are not sufficient to warrant penetrating the secrecy of grand jury proceedings. *Nasr*, 2020 WL 62041, at *1. Further, Marks does not show how, based on the elements of the charges against her, Mehta's lies about his supervision of Marks supported the government's case against Marks individually. Any statements he may have made about supervising Marks might have been relevant to the charges against him but of marginal relevance to the charges against her. Regardless, even "perjury before the grand jury is not grounds for dismissal of an indictment unless the government knew of the perjury at the time it was offered." *United States v. Smith*, No. 6:13-CR-34-KKC-EBA-1, 2019 WL 9633209, at *11 (E.D. Ky. June 18, 2019) (citing *United States v. Strouse*, 286 F. 3d 767, 772 (5th Cir. 2002)). Marks does not allege that the government knew at the time of the grand jury proceedings that any statements by Mehta on which it relied were false or that the government or prosecutors engaged in any type of misconduct.

In short, "[t]he validity of an indictment is not affected by the type of evidence which is considered by a grand jury even though inadequate or incompetent." *Battista*, 646 F.3d at 242 (citing *United States v. Calandra*, 414 U.S. 338 (1974); *Pittsburgh Plate Glass v. United States*, 360 U.S. 395 (1959)). As the Supreme Court has explained:

> An indictment fair upon its face, and returned by a properly constituted grand jury,
> . . . conclusively determines the existence of probable cause to believe the defendant

perpetrated the offense alleged. And "conclusively" has meant, case in and case out, just that. We have found no authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof. To the contrary, the whole history of the grand jury institution demonstrates that a challenge to the reliability or competence of the evidence supporting a grand jury's finding of probable cause will not be heard. The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime.

*Kaley v. United States*, 571 U.S. 320, 328 (2014) (internal citations, quotation marks, and alterations omitted).

## III.    CONCLUSION AND ORDER

Marks has not provided particularized, compelling need for disclosure of the grand jury materials. Her Amended Motion to Disclose the Production and Inspection of Grand Jury Proceedings from Indictment and Superseding Indictment (Doc. No. 350) is hereby **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge