**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CASE NO. 2:19-CR-00003** |
| | ) | **JUDGE TRAUGER** |
| HEATHER L. MARKS | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CO-CONSPIRATOR STATEMENTS OR, ALTERNATIVELY, FOR PRETRIAL NOTICE OF CONSPIRACY EVIDENCE**

The United States hereby submits this Opposition to Defendant's motion in limine to exclude co-conspirator statements, or in the alternative, requesting pretrial notice of conspiracy evidence (Dkt. No. 453) (hereinafter "Motion").

The Motion is meritless and should be denied. There is no basis to exclude co-conspirator statements pretrial due to any lack of disclosure; the Government provided Defendant with voluminous discovery, including interview memoranda and dozens of Government exhibits with electronic messages containing statements of co-conspirators. Defendant not only reviewed this material but previously attempted to exclude many of the co-conspirator statements on various grounds, which this Court already rejected. Nor does Defendant have any basis to ask the Court to force the Government to reveal its trial strategy and evidence before trial. The Motion simply repeats many of the same arguments from Defendant's already denied motion for a bill of particulars, and cites case law from other districts to support these rejected assertions because, as Defendant concedes, "courts in this district historically have opted to conditionally admit hearsay co-conspirator statements" instead of ordering pre-trial disclosure. *See* Mot. at 4. The Government respectfully requests that the Motion be denied and that, consistent with District practice, the Court conditionally admit any offered co-conspirator statements.

1

## ARGUMENT

### I. There is No Basis to Exclude Co-Conspirator Statements.

Defendant fails to offer any argument in support of her initial request "to exclude co-conspirator statements," Mot. at 1, and for that reason alone, her Motion should be denied.

To the extent Marks tries to bootstrap that request onto her claim that the Government failed "to provide any discovery that would show how it intends to establish Ms. Marks's involvement in the charged conspiracy," that allegation is false. Motion at 5. The Government produced both interview reports and numerous text messages containing co-conspirator statements to Marks.[1] Marks was also provided with an extensive reverse proffer describing the Government's theory of the case, and the Government identified to Marks the names of those it will be asserting made statements admissible under the co-conspirator exception. Many of the text messages between Marks and co-conspirators were marked as Government Exhibits—explicitly disproving the idea that the Government has not provided any indication of how it intends to prove a conspiracy. Marks filed numerous motions to try to exclude those exact co-conspirator statements, which the Court rejected. As the Court confirmed, "Marks does not contend that the discovery received was inadequate or unmanageable, and she does not refute the government's contentions regarding the provision of discovery." Dkt. No. 397 at 6. Marks' new assertions claiming the discovery is deficient are unfounded and exclusion is unwarranted.

---

[1] The Government described all of this last year, in explaining why Marks' Motion for a Bill of Particulars must be rejected. *See* Dkt. No. 395 at 5.

**II.     The Court Should Conditionally Admit Co-Conspirator Statements.**

While claiming to be reasonable in not seeking a full pre-trial *Enright* hearing, Marks' request is functionally the same  by requiring the Government to reveal, pre-trial, its entire trial strategy and evidence, and should be rejected in favor of standard District practice of conditionally admitting co-conspirator statements.

The Government agrees that it will ultimately have to show that (1) a conspiracy existed; (2) Marks was a member of the conspiracy; and (3) the co-conspirator statements were made in the course and in the furtherance of the conspiracy. *See* Fed. R. Evid. 801(d)(2)(E); s*ee also United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979) (citing *United States v. Enright*, 529 F.2d 980 (6th Cir. 1978). "

As the *Vinson* court explained, there are three ways to introduce co-conspirator statements: (1) Conduct a "mini-hearing" where the court hears the government's proof of conspiracy and makes the preliminary *Enright* finding; the *Vinson* court itself said such a hearing is considered "burdensome, time consuming, and uneconomic." *Vinson*, 606 F.2d at 152. (2) Require the Government to produce non-hearsay evidence of conspiracy first, prior to an *Enright* finding. *Id.* Or, (3) admit the hearsay statements subject to a later demonstration of their admissibility by a preponderance of the evidence. *Id.*

As even Marks admits, the common practice in this District is to take the third approach and conditionally admit co-conspirator statements, Motion at 4, and it is telling that Marks could not find a single case from the Middle District of Tennessee to the contrary. Instead, Marks tries to appear reasonable in claiming not to seek a full pre-trial *Enright* hearing. But Marks' requested relief is just as burdensome as a full *Enright* hearing, and just as inappropriate. Marks is demanding full pre-trial disclosure of all of the Government's conspiracy evidence, including not just evidence establishing a conspiracy but also all co-conspirator statements to be offered, presumably in any

3

form, including both documents and in testimony.[2] That request is incredibly burdensome for the Government and for the Court, two weeks from trial, and is just an *Enright* hearing by another name. It is just as "impossible before the scheduled trial date." Motion at 5.

It is for these basic reasons that Judge Richardson recently rejected a similar request for pre-trial proof of conspiracy, noting the Sixth Circuit's preference for conditional admission (as well as this District's), because "for all of the downsides to the third approach, the two alternatives tend to be even worse." *United States v. Burns*, No. 1:21-CR-00014-5, 2023 WL 11915262, at *2 (M.D. Tenn. Apr. 14, 2023). Judge Richardson explained why the second *Enright* option is in practice just as problematic as a full *Enright* hearing:

> [I]t forces the Government into an order or sequencing of presentation of trial evidence that is unduly geared primarily towards satisfying, early in the trial, the requirements for the admissibility of co-conspirator statements—with the likely but undesirable result, in many cases, that the Government must forgo sequencing its evidence in a manner more understandable and less confusing to the jurors.

*Id.*; *see also id.* at *3 ("As the Government correctly explains, there is no question that in this district and in this circuit, the third approach is the favored and prevalent approach.").

This District's approach makes sense. Conditionally admitting statements of co-conspirators "subject to the Government establishing the conspiracy by the close of its case-in-chief," conserves judicial resources. *United States v. Johnson*, 299 F. Supp. 3d 909, 921-22 (M.D. Tenn. Mar. 19, 2018) (Crenshaw, C.J.) (citing numerous other cases in the Middle District choosing the third method under *Vinson*).

This Court has also previously agreed: "In the interest of judicial economy, the court elects to admit co-conspirator statements subject to later demonstration of their admissibility by a

---

[2] This is not, actually, the second option given by the *Vinson* court. Marks seems to be combining the first approach, full disclosure of all conspiracy evidence ahead of trial, with the second approach, establishing admissibility earlier in trial.

4

preponderance of the evidence." *United States v. Allen*, No. 3:10-00163, Dkt. No. 1029 at 1 (M.D. Tenn. Nov. 29, 2011) (Trauger, J.). As this Court correctly noted, "the Sixth Circuit does not require a mini-hearing in advance of trial on this issue." *Allen*, No. 3:10-00163, Dkt. 1029 at 1.

Regarding conditional admission, the *Burns* court further explained:

> [E]ven if the bell did need to be unrung, the Sixth Circuit appears to have confidence that this can be done; that is, the Sixth Circuit appears to have confidence that jurors would follow instructions to disregard purported co-conspirator hearsay statements that the trial judge tells them to disregard (because he or she ultimately determines that in fact they are not purported co-conspirator statements with respect to one or more particular defendants). Otherwise, the Sixth Circuit presumably would not allow—let alone prefer—the third approach.

<u>Burns</u>, 2023 WL 11915262, at *3.

Nothing about this case warrants a contrary result. The Court has already rejected Marks' attempts to obtain **this exact evidence**. As the Court explained, Marks' Motion for a Bill of Particulars sought:

> "[T]he date of the earliest statement and/or event upon which the prosecution will rely to prove that the conspiracy existed including but not limited to the date the alleged conspiracy began, the location of the conspiratorial acts, **the individuals alleged to have participated in the conspiracy, and the subsequent dates of activity related to the alleged conspiracy, and any dates any conspirators joined the conspiracy**"; **all statements and events on which the government intends to rely to prove conspiracy**; all individuals alleged to have participated in the conspiracy; "the date and nature of the earliest statement and/or event upon which the prosecution will rely to establish when Heather Marks joined the conspiracy"; and **details of all "overt acts" by any alleged co-conspirator, including Marks and Mehta.**

Memorandum and Order, Dkt. No. 397 at 2 (emphases added). Marks argued in that prior motion that Dr. Mehta's plea to something other than conspiracy somehow invalidated the conspiracy charge and evidence against her, and the Court did not accept that argument either. The Government even explicitly explained parts of its theory related to Dr. Mehta and conspiracy at the Pretrial Conference in response to the Court's questions. *See* Dkt. No. 396 at 5-6. This Motion should also be denied.

5

**CONCLUSION**

For the foregoing reasons, the Court should deny Defendant's Motion in Limine to Exclude

Co-Conspirator Statements or, Alternatively, For Pretrial Notice of Conspiracy Evidence.

Respectfully submitted,

LORINDA LARYEA
Chief, Fraud Section
United States Department of Justice

By: */s/ James V. Hayes*
JAMES V. HAYES
Assistant Chief, Fraud Section
LAUREN R. RANDELL
MANU J. SEBASTIAN
Trial Attorneys, Fraud Section
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20530
T: (202) 774-4276
E: James.Hayes@usdoj.gov
E: Lauren.Randell@usdoj.gov
E: Manu.J.Sebastian@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of April, 2026, the foregoing Opposition was filed with the Clerk of the Court using the CM/ECF System, which will send notice and constitute service of such filing, to counsel of record for the defendants.

*/s/ James V. Hayes*
JAMES V. HAYES

6